UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CENTURY CONSULTANTS, INC.,

    Plaintiff,

v.                                              Case No. 05-C-0494

CHOCTAW RACING SERVICES, LLC,

    Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff Century Consultants, Inc., sued Defendant Choctaw Racing Services, LLC, for damages arising out of Choctaw's alleged breach of an agreement under which Century provided consulting services "on all matters concerning the simulcasting of and wagering on thoroughbred horses on all thoroughbred races originating in the United States and/or Canada." (Compl. ¶ 5.) Century alleges that under the terms of the agreement, Choctaw agreed to pay Century monthly "a sum equal to two and one-half percent (2 ½ %) of all monies wagered through Choctaw at Royal St. Kits Casino and any location in the State of Wisconsin where Choctaw is supplying the simulcast signal of horse races at any location in the United States or Canada." (Compl. ¶ 6.) Century claims the amount presently due under the agreement exceeds $200,000, and that Choctaw has refused to pay.

      Choctaw has moved to dismiss this case for improper venue or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Oklahoma, where Choctaw is located. Century opposes the motion. For the following reasons, Choctaw's motion will be granted

and the case will be transferred to the United States District Court for the Eastern District of Oklahoma.

Century, an Illinois corporation with its principal place of business in Chicago, Illinois, alleges that Choctaw, a limited liability company whose sole member is the Choctaw Nation of Oklahoma, failed to pay monies due under a consulting services agreement between the parties. The amount in controversy exceeds $75,000 and the court's subject matter jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Choctaw concedes, at least for purposes of the instant motion, that the court may exercise personal jurisdiction over it. (Br. at 2.) However, it challenges the propriety of venue in this court.

> In diversity cases, venue is proper only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or substantial part of property that is subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Corporate defendants "reside" in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). While Choctaw is not a corporation, and is not treated as a corporation for purposes of establishing subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), it *is* treated as a corporation for venue purposes. *LaSalle Bank v. Mobile Hotel Properties,* LLC, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003); *Pippett v. Waterford Development LLC*, 166 F. Supp. 2d 233, 238 (E.D. Pa. 2001); *see also Denver & Rio Grande Western R. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 559-562 (1976).

2

Accordingly, venue in this case is proper in any court that has personal jurisdiction over Choctaw–which, by Choctaw's concession, includes this court.

Choctaw further argues, however, that even if venue is proper in this court, the court should exercise its discretion to transfer the case to the Eastern District of Oklahoma, where it and its witnesses are located. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties do not dispute that this case might properly have been brought in the Eastern District of Oklahoma.

Normally, a party moving for transfer of venue pursuant to § 1404(a) bears the burden of overcoming the presumption in favor of the plaintiff's choice of forum. *Strasen v. Strasen*, 897 F.Supp. 1179, 1187 (E.D. Wis. 1995). "[T]he party seeking a § 1404(a) transfer bears the burden of showing that 'the transferee forum is clearly more convenient' than the transferor forum." *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N. D. Ill.1995) (*quoting Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir. 1989). However, that choice is entitled to less deference by the court when a plaintiff's choice of forum is not the plaintiff's home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). When the plaintiff has chosen a forum other than its own home, the assumption that the forum chosen by the plaintiff is more convenient is "much less reasonable." *Id.* Still, "transfer is inappropriate if it will 'merely transform an inconvenience for one party into an inconvenience for another party.'" *Id.* (*quoting Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 216 (N. D. Ill. 1993)).

Century argues that several witnesses it intends to call at trial of this matter reside in the Eastern District of Wisconsin, making it more convenient, or at least not clearly inconvenient, to try the case here. It states that if the case goes to trial, it will call "witnesses with respect to the

3

broadcasts and wagers that have taken place at the Oneida Casino in Green Bay, Wisconsin." Century also states it would call "members of various Indian tribes in Wisconsin who witnessed Century and Choctaw jointly presenting the idea of simulcasting to several tribes for their consideration." Century notes that these witnesses are not employees of either party and therefore have no interest in traveling to Oklahoma to testify.

It is far from clear, however, whether the testimony from such witnesses would be relevant or admissible at trial. Choctaw concedes that it has a contract with the Oneida Tribe of Wisconsin, and it does not dispute that races were simulcast at the Oneida Casino and money was wagered. (Aff. of James Dry ¶ 13.) Thus, it is hard to see why any witnesses would be needed to establish these facts. Moreover, the money Choctaw receives under its contract with the Oneida Tribe is wired to its account in Durant, Oklahoma, where all records of its receipts are maintained and the witnesses who could verify their authenticity reside. (*Id.* ¶ 16.) The computer system that performs the calculations that determine Choctaw's share of the proceeds from the wagers placed on the races that are simulcast at Oneida and elsewhere throughout the United States is located in Maryland and operated by Amtote International. (*Id.* ¶ 14, 17.) As to any presentations Century claims it made with Choctaw to Wisconsin tribes concerning simulcasting horse races, Choctaw contends that they were made months before the alleged contract was even entered and none were made to the Oneida Tribe. (*Id.* ¶ 8.) Thus, this evidence also is of questionable relevance.

Even aside from these considerations, it appears that the principal and perhaps only dispute between the parties is over the validity of the contract Century alleges Choctaw breached. The contract was signed by Bill Beilhartz, Choctaw's former general manager, now a resident of Colorado. (*Id.* ¶¶ 5, 9.) Choctaw's Operating Agreement provided, however, that contracts for more than $500 required authorization from the Board of Managers, and the contract with Century

4

never received such authorization. (*Id.* ¶¶ 5-6.) Because Beilhartz was not authorized to sign the agreement, Choctaw contends that the contract is not valid. Choctaw further contends that it notified Century of this fact before it performed any services on its behalf. Choctaw states that the witnesses it would call to establish these facts include James Dry, Beilhartz's former assistant and the present General Manager of Choctaw, as well as three members of the Board of Managers, all of whom are enrolled members of the Choctaw Nation and reside in Durant, Oklahoma or nearby. (*Id.* ¶¶ 1, 8.)

Considering the nature of the dispute between the parties and the likely witnesses at trial, to the extent either can be determined at this stage of the proceeding, the court concludes that Oklahoma is clearly a more convenient forum for trial of this case. Wisconsin is home to neither party and, while Century claims a percentage of Choctaw's income under its agreement with the Oneida Tribe as its damages, it does not appear that Wisconsin has any genuine interest in the case. Accordingly, Choctaw's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses to the United States District Court for the Eastern District of Oklahoma in Muskogee, Oklahoma is **GRANTED.** The clerk shall prepare and transfer the file.

**SO ORDERED.**

Dated this   18th   day of October, 2005.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge